No. 11,020.

44 787
115 637

T. J. SULLIVAN VS. NEW ORLEANS STAVE AND HEADING COMPANY, LIMITED.

A company having purchased the materials, and having paid the expense of putting up, at its risk, a patented device or machine, has no claim against the patentee for its costs, it not being established that he assumed any responsibility, or made any promise to the company.

An employé who continues under a contract which stipulated that he was to receive 10 per cent. of the net profits of the defendant company as a salary for his services at the end of each year, can not recover on a *quantum meruit* (for if it was for the year) there was reconduction of the contract on the same terms and at the same salary.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*W. W. Handlin* for Plaintiff and Appellee.

*Carroll & Carroll* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. The minutes of a directors' meeting of the defendant company disclose that on the 21st of June, 1889, the plaintiff was employed as its manager, in the manufacture of "headings."

The purpose of the company, as expressed in its charter, was to manufacture "headings," with power, under its said charter, to manufacture staves also. He was manager for the defendant from the said date to some time in 1891.

The board, at the said meeting, ordered "that at the end of each business year a trial balance be taken, and after all the indebtedness shall have been paid he, the said T. J. Sullivan, is to receive 10 per cent. of the net profits, as salary to him for services rendered."

There was no settlement made at the end of the first year of the company's operations.

· The plaintiff still continued to manage, under the impression, he testified, that the agreement was no longer effective at the end of the first year in so far as related to the 10 per cent. of the net profits.

The defendant company refers to the minutes and to the testimony of its witnesses, as proving that the agreement, as to the salary, was not made for the first year, but for all time of plaintiff's employment.

The plaintiff proved, to which proof the defendant did not object, the value of his services rendered after the expiration of the first ·year.

He had an embankment built the first year, which he alleges was a permanent improvement and constitutes a part of defendant's net profits, on which he claims 10 per cent. as such.

He alleges that it is worth $3000, and that it has added that much value to the company's assets.

The testimony shows that the cost of the building of this embankment was about $300.

It is also shown that plaintiff paid car fare of himself and other employés of the company, for which he claims $400.

That he kept a horse and buggy for his use and that of the company, for which he claims $200.

That he had a credit of $777.41 on the books of the company, part of an account in which a larger amount is claimed of him.

He alleges in his petition that the commission of 10 per cent. net profits, his services for the second year and two months, the use of the horse and buggy, and car fare paid, together with the sum to his credit on the defendants' books, amount to $3177.45.

The defendants in their answer reconvene and claim $1602.56.

· They admitted on the trial the said credit of $777.41, and contend that the sum of $825.15 is due them by the plaintiff.

They also set forth that the plaintiff constructed for the company a "stave forming" machine of his invention, which was used in bending barrel staves.

That he wantonly destroyed this machine, and thereby caused loss in the sum of $3000, its value, and $10,000 in profits, that would have been realized.

That the principle of the device or machine was known only to the plaintiff.

The plaintiff answered defendants' reconventional demand and admitted that the sum of $1016 had been expended by defendant in experiments with the said device, but alleges that the members of the company became dissatisfied and did not comply with their agreement. That he was directed by the president of the company to take down the experimental plant and take it out of the way. That the materials were laid away, and are still in the possession of the defendants.

The evidence with reference to the "stave former" is conflicting.

The plaintiff was the patentee of a machine for "bending staves" which he had agreed to erect at a cost not to exceed $1200, to be paid by the defendant.

It was to be used by the defendants.

The plaintiff put up this machine at the expense of the company.

The president of the company testifies that they assumed the risk in order to ascertain if there was anything in the device or machine; that if it proved successful they were to operate it in the interest of the company.

It did not prove satisfactory. The parties interested considered it a failure.

It was taken down and stored away. It is now in the possession of the defendants.

About the time it was taken down another company was formed and another machine was constructed on the model of that of the defendant company.

It operated satisfactorily and gave considerable value to the second company.

The defendants contend that they were not fairly treated by the plaintiff, in that he did not furnish them with a statement showing the capacity of the machine and that he failed to explain its advantages to them, in bending and forming cottonwood staves.

The records do not disclose any attempt at concealing on the part of plaintiff.

The judgment appealed from rejects plaintiff's demand at his cost.

And rejects defendants' reconventional demand at their costs.

The defendants appeal.

On appeal plaintiff prays that the judgment of the lower court be

affirmed in those points favorable to him as appellee and reversed as to those against him.

We will, in the first place, consider the pleas presented by the defendant company in their reconventional demand:

1. That relating to the device or machine and the claim of costs of putting it up, viz.: $1073.39.

The value of the materials taken down, as before mentioned, and laid away on its owners' premises, has not been proven.

The defendants claim these costs without having offered to return these materials.

If it had the right to these costs it could not recover them without, at least, making a tender of the machinery. The patentee's skill was not mentioned at the time that it was determined to test the usefulness of this device, nor does it appear to have been a motive in making the experiment.

The company did not own the patent—only the machine, which they now have.

If it did not work satisfactorily, under the conditions of the purchase of the materials, the plaintiff can not be held for their cost.

They were bought for defendants' account, without guarantee or promise of success.

If there is loss, it is their loss.

The only remaining claim in the reconventional demand is that of $1602.56.

Plaintiff admits that certain advances were made to him on his personal account.

It does not appear of record that he disputes the account. The balance claimed on this account, as before mentioned, is $825.15.

In a statement of the condition of the defendant company, dated March 8, 1890, the "liabilities" contain one sum of $290.91; whether it is included in a larger amount on the account lettered "A," amounting to $1602.56, as just stated, does not appear.

Plaintiff has worked more than two years as manager of the defendant company, for which he was to receive 10 per cent. of the net profits.

At the end of the year, not having notified the defendants that he did not intend to continue his services; as manager under the resolution of the board of directors; for the said commission, it is not ‑possible for him to recover on a *quantum meruit*, as there was a recon-

·duction of the contract on the same terms and at the same salary. ·36 An. 680; 41 An. 307.

It is proven that the company has realized net profits.

The plaintiff, under his management, has built an embankment, ·with material that would otherwise have been lost, which has added ·value to the company's assets.

He should recover a commission on this added value; the amount ·of this value also is not proven.

The use of the horse and buggy, for part of which no payment has been made, and the alleged payment of $400 to employés, are not proven.

These claims do not recommend themselves as the basis for a judgment for amount claimed.

Relative to the first, the horse and buggy, plaintiff states that it ·was not his intention to charge at the time of the use.

The second is not supported by any definite evidence as to the ·total paid, nor as to the service for which it is stated payment was made.

While we do not decree that plaintiff has a right to recover a particular sum on each of these claims, the facts of the case do not justify the conclusion that defendants should recover their claim.

The respective rights of the parties are about evenly balanced.

The only item which presents difficulty is that of $825.15.

The services rendered and the disbursements made by plaintiff (although the amount of each claim is not sufficiently shown) is sufficiently evident to justify the conclusion that the defendants should not recover judgment in reconvention, even without considering certain items of the account filed by it, which of themselves materially reduce, if they do not defeat, defendants' demand in reconvention.

This was the conclusion of the district judge; it is also ours.

Unless error be shown the conclusion of the district judge on an issue of facts will not be reversed. 37 An. 623.

Plaintiff's claim is rejected, also that of the defendants in reconvention.

Judgment affirmed at appellant's costs.