CASES IN THE SUPREME COURT

SENAC vs. PRITCHARD.

SENAC
vs.
PRITCHARD.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

Whether there be an usage which will justify a jury in deciding by whom the repairs of a house are to be made—*Query?* But such custom cannot be inferred from the verdict; it must be established by the evidence.

This was an action to annul the lease of a house on the ground of its being wholly untenantable. The evidence, on the part of the plaintiff, fully established the facts charged in the petition, but the jury found a verdict for the defendant, and judgement being rendered thereon, the plaintiff appealed.

Porter, J., delivered the opinion of the court.

The plaintiff rented a house from the defendant, and before the expiration of the time for which it was taken, left it, and brings this action to have the lease annulled.

The question presented is, whether the premises were tenantable, and if they were not, whether the repairs necessary to make them so, were those which should have been executed by the lessor. The jury have answered it in the negative by finding a verdict for the defendant.

*Whether there be an usage which will justify a jury in deciding by whom the repairs of a house are to be made—Query? But such custom cannot be inferred from the verdict; it must be established by the evidence.*

We have examined the evidence on record, with as much attention as in our power, and we are wholly at a loss to conceive on what grounds the verdict is based, unless as suggested at the bar, the jury acted on the custom of this city in cases like that presented by the evidence. It may be possible there is an usage which will justify their conclusion, and by the 2686th article of the Louisiana Code custom is allowed to have considerable weight in ascertaining on whom the obligation of making certain repairs is imposed. But this custom cannot be inferred from the verdict; it should be established by the evidence given on trial. As the verdict

creates a presumption that something of this kind may have influenced the jury, we think justice requires the case should be remanded.

Eastern Dis.
June, 1832.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be annulled, avoided, and reversed; and it is further ordered and decreed, that the cause be remanded for a new trial, the appellee paying the costs of this appeal.

*Schmidt*, for appellant.    *Eustis*, for appellee.