Gaeland, J.
delivered the opinion of the court.
The ship Montpelier, of which the plaintiff was master, from Mew-Tort, was consigned to the defendant. He collected nearly all the freight for the inward cargo, retained his commission on it, and advertised the vessel as wanting a freight to Liverpool, though of this advertisement it does not appear the plaintiff had notice, or that it was authorized by him. In the early part of the month of January, in the year 1838, the defendant engaged on freight for said vessel, five hundred bales of cotton at the rate of five eighths of a penny per pound, but before he notified the plaintiff of it, he had engaged a full cargo for the vessel with another house who stipulated that they should receive a commission of two and a half per cent, on the freight for furnishing the cargo, and that the vessel should be consigned to their correspondents in Liverpool. Of this arrangement we infer the defendant had notice, and assented to it, as he did not insist on the plaintiff taking the five hundred bales, and subsequently refused about six hundred more, saying the ship was full. The plaintiff paid the house that furnished the outward cargo, the commission agreed on, and when he wished to settle with the defendant for the freight of the inward voyage collected by him, he insisted on a commission of two and a half per cent, on the outward cargo also ; this the plaintiff refused to pay, saying he (defendant) was not the consignee of the vessel for the voyage to Liverpool. The latter insisting on the charge for commission, this suit was brought on the account.
The defendant for answer says, that by the usage and custom of mer[882] chants in Mew Orleans, he is entitled to charge the commission, and this is the sole question presented for our consideration. The case has been very briefly argued and the evidence is very meagre.
It has heretofore been decided, that it is not sufficient to prove the correctness of a charge to show it is a customary one in Mew Orleans (1 Mart. *599 ÍT. S. 192), as the law merchant is more extensive than the limits of the city; yet there are doubtless some customs peculiar to every place, which when established make the law of the cases on which they operate.
It has further been held, that when a custom is relied on, it must be established by evidence, the private knowledge of the jury will not authorize a verdict without the proof (4 La. Keports, 160), and custom cannot be regarded as law until a long and uninterrupted prevalence is proved. 7 Id. 215.
The defendant has not shown the custom he alleges; on the contrary, the only witness who testifies about it says, “ They ” (meaning his firm) “ do not consider it the custom that vessels consigned to them inwards are bound to them for an outward freight, nor do they charge it unless they actually obtain an outward freight for them. It generally happens that masters of vessels do give their inward consignees a preference, but there- is no obligation on them to do this; the two freights and voyages often being the subject of distinct engagements with different persons.”
We do not think the defendant has made out his case; on the contrary, he seems to have assented to the course of the plaintiff, as he never insisted on his taking the cargo he (defendant) had engaged, nor does it appear he ever informed him a part of the cargo was engaged. We do not think the defendant is entitled to the commission claimed.
The judgment is therefore affirmed with costs.