### HARKNESS & SON *v.* C. B. CHURCH.

The delivery of goods shipped on a steamer to the master of a wharfboat at the port of delivery, is bad, unless there is a special authority vested in the wharfmaster by the consignee to receive the goods, or a ratification of the receipt of them, express or implied.

The authority of a wharfmaster to receive goods on behalf of the consignee, may be inferred, from the payment by the consignee of money advanced by the wharfmaster for the freight.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Smiley & Perrin*, for plaintiffs and appellants. *Price & Denegre*, for defendant.

BUCHANAN, J. On the 15th of May, 1852, the plaintiffs, through their agents, *Moses Greenwood & Co.*, shipped on board the steamer Bulletin, of which the defendant is master and owner, two boxes of merchandise, consigned to *John Hibbard*, or to his assigns, at the port of Napoleon, in the State of

Arkansas. On the 19th of the same month, the Bulletin arrived at Napoleon, and discharged the two boxes in question, placing one of them on the wharf-boat Chancellor, belonging to *C. B. Shattuck*, and the other on the wharfboat Cotton Plant, belonging to *H. Roberts*. The box which was placed on the Cotton Plant remained there for three days, until the 22d of May, when it was consumed by fire, with the wharf boat. This suit is brought to recover its value, and the question is, whether there was such a delivery of the said box of merchandise as satisfied the bill of lading.

As to the circumstances of the delivery of the goods shipped, *John H. Fil-burn*, second clerk of the Bulletin, deposes: "One of the boxes I delivered to *C. E. Chattuck*, and the other I delivered to *H. Roberts & Co.*, in the wharf-boat Cotton Plant, at Napoleon." And in his cross-examination—"I did not notify *Hibbard* of the landing of the goods."

*James McCord*, first clerk of the Bulletin, deposes: "I delivered both boxes to *C. E. Chattuck*, one on his own boat and the other on the wharfboat Cotton Plant, and *Chattuck* then, in my presence, received the said goods, and paid me the freight on the same." And in his cross-examination—"I did not notify *Hibbard* of the delivery of said box on wharfboat as above stated; nor have I ever seen *Hibbard* to my knowledge. I delivered the bill of lading of these goods to *E. C. Shattuck* in person."

*James J. Roberts* testifies: "There was one large box put on my wharfboat for *John Hibbard*. I do not know what the contents were, nor the shipper. There was no bill of lading with it. It was left by the Bulletin." In another part of the record is the testimony of one *James Roberts*, who appears to be the same witness, and who testifies to the same facts, with the addition, that "the box of goods which was received on the Cotton Plant, was received by *C. E. Shattuck & Co.*"

*John Hibbard*, the consignee of the goods, deposes: "One box was deliver-ed at Napoleon to *C. E. Shattuck*, and one to *H. Roberts & Co.* Both parties were in the habit of receiving goods for me, but no person was personally au-thorized to receive my freight. I don't know whether the freight was paid to the Bulletin or not, but I paid the amount of my freight bill to *C. E. Shattuck*. I received one box after instructions from *Harkness & Son*, the other I know nothing about, only it was said to have been burned on *H. Roberts & Co's.* boat." "I did not get the bill of lading until after they (the goods) were lost, nor no notice of their being there."

Does this evidence make out a compliance by the master of the vessel with his legal obligation? In the language of the court in *Segura* v. *Reid*, 3 Ann. "the contract of the vessel is to deliver the goods to the consignee, and the responsibility continues until there is an actual delivery, or some act which is equivalent to, or a substitute for it." We are therefore to consider whether *Shattuck*, the master of the wharfboat, to whom delivery was made, represent-ed the consignee for the purposes of delivery. In deciding this question, we make no account of the pretended local custom at Napoleon, which would sub-stitute another contract for the one entered into, and make the wharfmaster, in effect, consignee of all freight landed at Napoleon. We are satisfied that the wharfboat is the usual and customary place for discharging cargo. But it is an error to suppose that a delivery to the wharfmaster is a delivery to the con-signee, unless there is either a special authority vested in the former by the latter, or a ratification of his receipt of the goods, express or implied. A local

9

custom at Napoleon to the contrary, cannot overrule the law, even supposing such custom to be proved; which we do not think it has been in this case. *Kohn & Bordier* v. *Packard*, 3 L. R. 225. *Segura* v. *Reed*, 3 Ann. 695. Civil Code, Article 3. *United States Bank* v. *Flukner*, 8 Mart. 309. *Sennett* v. *Pierce*, 2 N. S. 192. *Senac* v. *Pritchard*, 4 La. 160.

The evidence does not show any authorization from *Hibbard* to *Shattuck* to receive these goods for him; but we are of opinion that the act of *Hibbard* in refunding to *Shattuck*, the amount of the freight bill which the latter had paid to the clerk of the Bulletin, when the goods were discharged from the boat, without protest made to *Hibbard*, or reservation of his rights, amounts to a recognition of *Shattuck's* authority to receive the goods. For at the time *Hibbard* so paid *Shattuck*, the goods were destroyed by fire; and unless there had been a delivery of the goods previous to their destruction, there was nothing due by the consignee under the bill of lading. This payment was therefore tantamount to an admission of indebtedness, and consequently to an admission that the defendant had complied with his contract. Under these circumstances, the plaintiffs have no claim upon the defendant.

Judgment affirmed, with costs.

SLIDELL, C. J., dissenting. My opinion is, that the usage to deliver goods to the wharfboat at Napoleon, and the consignee's acquiescence in the usage, are satisfactorily proved.

SPOFFORD, J., concurs.