## No. 9075.

## JAS. S. MILLER VS. GIDIERE & MARMANDE.

The demand is for eleven hundred dollars. The answer admits that three hundred and fifty six dollars and sixty-six cents had been owing, but avers it had already been paid, and denies owing any more. Motion to dismiss refused, because the pleadings show a claim

| | |
|---|---|
| 36 | 201 |
| 48 | 676 |
| 36 | 201 |
| f105 | 687 |
| 36 | 201 |
| 120 | 149 |
| 36 | 201 |
| f122 | 932 |

for more than the appealable sum, and a denial of any indebtedness whatever. Distinction drawn between this and Denégre vs. Moran. 35 A. 346.

A contract for an overseer's wages thus:—I agree to your conditions, viz: $100 a month. which will be eleven hundred dollars for this year, one month having already elapsed— construed to be a contract for the term and not by the month.

A discharge for good cause disentitles the party discharged to wages for a longer time than he served.

Gross inattention to and non-performance of duties. or conduct such as to endanger the control of the hands and drive them away, and thus entail irremediable loss, conjoined with sickness, which incapacitates him for service, will justify the discharge of an overseer.

An overseer's wages cannot be docked for sickness unless the same be stipulated expressly. Protracted sickness may be sufficient cause for discharging him, but so long as he remains in employment, he is entitled to his wages.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Goode, J.

L. F. Suthon for Plaintiff and Appellee.

J. B. Winder for Defendants and Appellants.

The opinion of the Court was delivered by

MANNING, J.   The plaintiff claims eleven hundred dollars as overseer's wages.   The defendants admit that he had earned $356 66, but aver they have paid that sum, and deny owing any more.

The plaintiff was examined as a witness on the trial, and admitted the payment alleged and declared it was a proper credit upon his demand.   The judgment was for the difference, $743 34, and the defendant appealed.

The plaintiff moves to dismiss.

There is a distinction between this case and Denégre vs. Moran, 35 A. 346, which at first glance seems too finely drawn, but it exists nevertheless.   In that case the plaintiff's claim was eleven hundred dollars, and the defendent admitted that he owed $173.   The amount in dispute therefore could not exceed $927, and we dismissed the appeal.

In this case the plaintiff's claim is also eleven hundred dollars, and he admits that $356 66 was once due, but avers that he has paid it, and now owes nothing.

Tested by the pleadings, we have jurisdiction.   It is true the evidence exhibits an admitted payment which reduces the amount really due below the appealable sum, but we have to look beyond the face of the pleadings to find out that.   The answer, unlike that of Moran, does not admit that he owes a specified sum, but alleges that he has paid all that he ever owed, and *non constat* that he will prove that.   So that in

the pleadings we have a demand by one of an amount of which we have jurisdiction, and a denial by the other that he owes any part of it. We must maintain the appeal.   Connors vs. Citizens' Co., 22 A. 330.

The motion is refused.

### On the Merits.

The employment was in February, 1883, for the remainder of that year—the plaintiff insisting that it was for the term, eleven months at the rate of $100 a month—the defendants contending that it was by the month.   We are satisfied that it was the former.   The letter of Marmande, the resident managing partner, to Miller, informed him that Gidiere had written him to employ him as overseer, and adds:—"I agreed with your conditions which were $100 a month, what will be for you eleven hundred dollars this year, a month having elapsed since the 1st of January."   Overseers are not usually employed from month to month, or by the month.   Our agriculture requires them through the year.   It is manifest these parties contemplated such service.   The defendants' pleadings impliedly admit that the tender of the letter does not justify the construction of it.   The answer is an argument rather than a plea, and informs us that Marmande does not understand English very well, and therefore had the letter written by another Frenchman, whom it likewise accuses of unfamiliarity with that tongue —a queer reason for selecting a scribe in such juncture.   Miller construed it as an employment for the remainder of the year, and so do we.

But the discharge was for good cause.   Of course the testimony is conflicting, but the preponderance is decidedly against the plaintiff. He had the hands in a muss almost from the outset—the cause, miskeeping their time, which Marmande had often to rectify—and the evidence is that this time-keeping is a very important part of the modern overseer's duties.   The plantation was near losing its hands. It is a sugar place, and every one knows what that portends—instant loss which may prove irremediable.

Miller had the misfortune to be sick a great deal.   He was on duty only two days in March and sixteen in February.   Perhaps this of itself was not sufficient cause for discharge, as it does not appear to have interfered seriously with his work afterwards—was not protracted as in Jeter vs. Penn, 28 A. 230.   But taken along with the other matter, we cannot say that a planter must keep and pay an overseer who for a considerable time is disabled from attending to his duties, and when not disabled so performs them that the plantation is in an uproar, and planting in danger of stoppage.

The plaintiff had earned $500 for the five months he served, the discharge being on July 1st. The defendants made a very nice calculation of the time he missed, from sickness, and they docked him accordingly. Their account against him for money paid, and merchandise, etc., furnished him, amounted to $356 66, which he, as a witness, admitted was correct, and they so figured his lost time as to make it exactly fit the difference between that sum and $500.

It is as unusual to dock an overseer for lost time from sickness as it is to employ him for a month only. There was no stipulation to that effect. Sickness may be, and has been held to be, sufficient cause for discharge, but until the overseer is discharged, his wages continue unless the contrary is stipulated. He should have judgment for the residue of his wages.

It is therefore ordered and decreed that the verdict of the jury is set aside, and the judgment of the lower court is amended by inserting therein the sum of one hundred and forty-three dollars and thirty-four cents in the stead and place of the sum therein recited, and as thus amended that it is affirmed, the plaintiff paying the costs of appeal.