(38 South. 416.)

No. 15,411.

WOODS v. M. A. SHUMARD & CO.*

(March 13, 1905.)

MASTER AND SERVANT—CONTRACT OF EMPLOY-MENT—EVIDENCE—DAMAGES.

1. Employment by the year may be implied from the nature of the business and a stipulation that the employé shall pay out of his commissions all expenses, including license taxes for the ensuing year.

2. The testimony of the employé that he was guarantied $3,000 per annum, and was paid on

*Rehearing denied April 10, 1905.

the guaranty $250 per month for the first two months, is not counterbalanced by the testimony of the employer denying the guaranty, but not denying or explaining the payments.

3. Plaintiff having been employed by the year, or for at least one year, as "city manager" of defendant's insurance agency, and having been discharged without just cause, is entitled to recover earnings for the remainder of the year, the amount of which is fixed on the basis of the sum guarantied.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by A. A. Woods against M. A. Shumard & Co. Judgment for defendants, and plaintiff appeals. Reversed.

Solomon Wolff, for appellant. Clegg & Quintero, for appellees.

LAND, J. Plaintiff sued defendant, alleging employment by verbal contract as "city manager" for defendant M. A. Shumard, a general fire insurance agent, for the period of one year, on certain terms and conditions, and his discharge, without just cause, after he had performed services under the contract for several months. Plaintiff alleged that he was to be paid on a commission basis, under a guaranty, however, that his earnings would not be less than $3,000 for the year, and that defendant had made him two monthly payments of $250 each. Plaintiff further alleged that he would have realized $5,000 net in commissions during the year, and that therefore defendant justly owed him a balance of $4,500, for which he prayed judgment.

The answer of defendant was a general denial of all the allegations of the petition.

There was judgment in favor of the defendant, and plaintiff has appealed.

Plaintiff's action is based on article 2749 of the Civil Code, which reads as follows:

"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full time of his services arrived."

The trial judge concluded that "it was not the deliberate understanding of both parties that they were entering into a contract for a year," and therefore decided the case in favor of the defendant.

Both parties testified that their arrangement was for no definite fixed time, but plaintiff's contention is that the employment was for at least one year. Under the contract, plaintiff became "manager of the New Orleans city department" of M. A. Shumard & Co., managers of the Southern department of the German Insurance Company. Notice of this arrangement was advertised in the city papers. Under the contract plaintiff was to receive 20 per cent. net on all New Orleans business retained by defendant, and to receive one-half the commissions net received on business placed in other companies. It was stipulated that all New Orleans taxes should be charged to plaintiff's account, and the word "net" was understood to mean all expenses incident to the business originating in the city of New Orleans. It was therefore agreed that plaintiff should pay the license and other taxes for the ensuing year on the business done in the city of New Orleans. It must have been contemplated that the arrangement should continue during the year for which the taxes and other charges were payable, otherwise defendant could have appropriated plaintiff's earnings for the payment of license taxes and other expenses, and then terminated his employment. Neither party entertained such an idea when the contract was made on November 20, 1902. The object was to build up a new insurance business in the city of New Orleans, a work requiring years of effort and labor. No mere temporary arrangement would have sufficed for such an object. The parties in their interviews spoke not of months, but of years. The plaintiff testified most positively that defendant guarantied him at least $3,000 commissions for the first year, being the same amount which he had guarantied his city agent at Dallas, Tex., under similar circumstances. Defendant admits that he told plaintiff of the arrangement with his Dallas agent, but denies most positively that he guarantied plaintiff any amount whatsoever.

If this were all, the testimony on this point would be evenly balanced. But plaintiff testified that he drew $500 from defendant for the first two months on the guaranty, and so informed the cashier. It is not denied that plaintiff drew sums aggregating $500, as testified by him, and the cashier was not called as a witness. Defendant, in his testimony, did not refer to this matter, nor attempt to explain the transaction. Plaintiff testified that he did not overdraw his account. Defendant testified that he did, presumably on the hypothesis that no amount had been guarantied.

There was friction between plaintiff and defendant over business methods, disagreements, misunderstandings possibly, and finally plaintiff was discharged on March 7, 1903. Defendant did not plead justification, but denied all the allegations of the petition. His position is that he had the right to discharge the plaintiff at any time. Our conclusion is that the very nature of the business enterprise implied duration, and that the stipulation that plaintiff should pay taxes and other annual charges implied employment by the year. Plaintiff's testimony that his commissions for the first year were guarantied also necessarily implies employment by the year.

Defendant's further contention is that the original contract was supplanted by another agreement of date February 15, 1903, to the effect that plaintiff was to receive 20 per cent. on all business he brought in, he to place his own business where he saw fit. Defendant testified to this substituted agreement, and produced a memorandum which he said was contemporaneous. Plaintiff testified that he had a number of interviews

with the defendant, but that they never came to any agreement, and that he never waived the original agreement.

This alleged agreement is referred to in defendant's letter of March 5, 1903, as the "understanding" between the parties. Plaintiff's letter in reply, written the next day, shows beyond question that he repudiated such understanding. He wrote:

"You advertised me as 'manager of the city department,' and paid me the first two months $250 per month on the basis of $3,000 per annum. If this relation of 'manager of the city department' does not exist now as you state, it would seem proper to all concerned that its dissolution should have equal publicity with its announcement.

"I propose that we end the matter by your paying me at the rate of $3,000 per year up to 20th March, four months from my commencement November 20th, 1902."

Defendant replied, denying that he had made any arrangement with plaintiff on a salary basis, and stating that, in view of plaintiff's declining to operate under the alleged understanding of February 15th, their relations were at an end.

The burden of proof was on defendant to establish the alleged modification of the original agreement. This burden he has not discharged.

Referring to the original contract, it is not denied that defendant for the two first months paid or advanced to plaintiff $250 per month. As a mere matter of business, these monthly payments must have been made on some understanding between the parties. Plaintiff's testimony gives a reasonable explanation of these payments. Defendant gives no explanation whatever.

The issue is one of fact, and we think that the balance inclines decidedly in favor of plaintiff's contention that his employment was for at least one year.

The district judge virtually decided that this was the understanding of the plaintiff, but was not the understanding of the defendant; or, in other words, that there was no distinct agreement as to the term of the

employment. This may be true as a literal proposition, but we are of opinion that the evidence shows by necessary implication that the term contemplated was not less than one year.

In estimating the probable loss to plaintiff, we deem it safe to fix his earnings at $3,000 per annum.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff do have and recover of the defendant, M. A. Shumard, the sum of $2,500, with legal interest from judicial demand, and costs in both courts.