POLAND et al. v. HOLLANDER et al.

(Supreme Court, Special Term, New York County. March 29, 1909.)

1. FACTORS (§ 46*)—ACTION FOR COMPENSATION—PLEADING.

A complaint for a specified amount as commissions on the sale of goods for defendant, alleging that the "goods were shipped to and sold by plaintiff, and that the said amount has been duly demanded, and that no part thereof has been paid," is insufficient in failing to allege that any amount was realized by defendant as proceeds of sales by plaintiff.

[Ed. Note.—For other cases, see Factors, Dec. Dig. § 46.*]

2. FACTORS (§ 46*)—ACTION FOR COMPENSATION—PLEADING.

A complaint for a specified sum as commissions on the sale of goods for defendant alleged that defendant shipped to and sold through plaintiff the articles set forth in the schedule annexed at the advance therein set forth above the price named by defendant, and that the difference between the price so named and the price at which the goods were sold was a certain amount, which was received by defendant, and which sum he, in accordance with the custom of the trade and in pursuance of his express agreement, promised to repay to plaintiff, but had after demand refused to do so. Held, that the complaint is insufficient because it failed to allege any consideration for defendant's agreement to pay plaintiff the entire amount of such excess in the price realized above the price named by defendant.

[Ed. Note.—For other cases, see Factors, Dec. Dig. § 46.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONTRACTS (§ 334\*)—ACTIONS—PLEADING—ALLEGING CONSIDERATION.

The failure of the complaint to allege consideration for the contract in suit is a demurrable defect, unless the contract is one which imports a consideration, such as a contract under seal, or a bill of exchange, or a promissory note.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1660–1663; Dec. Dig. § 334.\*]

4. CUSTOMS AND USAGES (§ 18\*)—PLEADING.

An allegation of a custom of trade must show the custom to be general and uniform, and that it has existed for a sufficient time to bind defendant, or that defendant dealt with a knowledge of the custom.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 40; Dec. Dig. § 18.\*]

5. CUSTOMS AND USAGES (§ 18\*)—PLEADING.

A general custom or usage, such as may be judicially noticed, may be noticed on demurrer without being alleged; but a local custom or usage of a particular trade cannot be.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 40; Dec. Dig. § 18.\*]

6. PLEADING (§ 214\*)—ADMISSION BY DEMURRER.

A general allegation of indebtedness, being a mere conclusion, is not admitted by a demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 526½, 527; Dec. Dig. § 214.\*]

Action by Arthur Poland and another, partners as P. Poland & Hanson, against Ellen Hollander and another as copartners. Heard on demurrers to the complaint. Demurrers sustained.

Avery & Schlesinger, for plaintiffs.
Thompson & Fuller, for defendant Arthur Schuler.

GIEGERICH, J. The first cause of action, so far as it is necessary to quote therefrom, claims the amount of $4,173.60 for commissions alleged to be due—

"by reason of the fact that the defendants employed the plaintiffs as their agent at the agreed rate of 1 per cent. commission upon the proceeds of goods shipped to or sold by the plaintiffs as such agent, and that the said goods were so shipped to and sold by the said plaintiffs, and, that the said amount has been duly demanded, and that no part thereof has been duly paid."

It should be noted that, according to the plaintiffs' own statement of their case, their commission is based upon "proceeds," which, I take it, must necessarily mean amounts realized upon the goods referred to. As there is no allegation that any amount was ever realized by the defendants from such shipments or sales, the pleading is defective, and the demurrer must be sustained.

For a second cause of action the plaintiffs allege that:

"Being the agents for the said defendants at the times hereinafter mentioned as in the said foregoing first cause of action alleged, and herein referred to to avoid unnecessary repetition, the defendants shipped to and sold through the plaintiffs the articles set forth in Schedule B, hereto annexed as a part of this amended complaint, at the advance therein set forth over and above the price named by the defendants, and that the difference between the price so named and the price at which the defendants closed the same was the sum of £1,164.16s. 1d., amounting to $5,625.98, which sum was received by the said

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendants, and which sum they, in accordance with the custom of the trade and in pursuance of their express agreement, promised and agreed to repay to the plaintiffs, and that although due demand has been made therefor, no part of the same has been paid, and that the defendants remain justly indebted to the plaintiffs in the said sum of $5,625.98, with interest from December 21, 1906."

This count is also defective because of the failure to allege any consideration to support the defendants' agreement to pay to the plaintiffs the entire amount of such excess in the price realized over and above the price named by the defendants, assuming, for the present purpose, that the word "closed" means that the defendants received such excess of price. It is well established that a failure to allege consideration in an action upon a contract is a demurrable defect, unless the contract is one which by intendment of law imports and implies a consideration, such as a contract under seal, or a bill of exchange, or a promissory note. 4 Ency. Pl. & Pr. 928; Nat. Citizens' Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1.

The allegation as to the custom of trade in this instance does not save the pleading, because there is no averment that the custom is general or uniform, or that it existed for a sufficient length of time to bind the defendants, or that the defendants dealt with a knowledge of the alleged custom. A general custom or usage, such as may be judicially noticed, may be noticed on demurrer without being alleged; but a local custom or usage of a particular trade cannot be. Abbott's Trial Brief on the Pleadings, p. 697, § 365; Wallace v. Morgan, 23 Ind. 399, 403. In the latter case it was held that an allegation that "by the usage and custom" of the particular trade in the place in question flour not suitable for market there was forwarded to New York was bad for not stating that it was a general or uniform custom among such merchants, or had existed for any considerable period, or existed at the date of the transaction in suit. Furthermore, it may be seriously questioned whether, if the pleading were sufficient in the respects indicated, a usage which would give the entire benefit of any added price realized by the agent to the agent, and nothing to the principal, would be reasonable and one which would receive the sanction of the court.

It is hardly necessary to add that the general allegation of indebtedness contained in each of the causes of action is unavailing. Such an allegation is a mere conclusion, and is not admitted by the demurrer. Sampson v. Grand Rapids School Co., 55 App. Div. 163, 66 N. Y. Supp. 815; Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678; Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542.

The third cause of action contains the same defects as the second, and additional ones besides, which latter it is unnecessary to discuss.

The demurrers should be sustained, with costs, with leave to the plaintiff to amend upon payment of costs within 20 days after service of the decision to be entered hereon.