(110 So. 70)

No. 25974.

**RUSSELL v. WHITE OIL CORPORATION.**

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**I. Master and servant ⬡9.**

Employment for year at $10,000 per year *held* to continue for indefinite period after first year, and not to entitle employee to recover for salary he would have earned during balance of third year had he not been discharged, notwithstanding Rev. Civ. Code, arts. 2685–2689; article 2750 being inapplicable.

**2. Master and servant ⬡8(1).**

In absence of custom or circumstances showing contrary intention of parties, that hiring is at so much per day, week, month, or year raises no presumption that hiring is for such period.

**3. Master and servant ⬡20.**

In case of hiring of services, where there is no question of custom, services end at will of either party.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by J. H. Russell against the White Oil Corporation. Judgment for defendant, and plaintiff appeals. Affirmed.

W. M. Phillips, of Shreveport, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

ST. PAUL, J. On November 15, 1919, plaintiff was employed by defendant "for a year," at $10,000 *per year*. At the expiration of the year he continued in defendant's employ, without further formality, and was paid at the same rate. This extended employment then continued for another 17 months, i. e. until April 15, 1921, when he was discharged for no other reason than that his services were no longer needed.

He contends that his services were continued "by the year," and that there is therefore due him by defendant a balance equal to seven-twelfths (⁷⁄₁₂) of the third year of his employment, which would have ended on November 15, 1922.

The defense is that, at least after the first year, plaintiff's employment was only for an indefinite period, terminable at the will of either party, and that it owes defendant nothing.

**I.**

[1] There are, of course, circumstances from which it may be inferred that a contract of employment was to continue for some fixed period, say, *at least* a year. Kramer v. Dixie Laundry Co., 8 Orleans App. 284. The circumstances in the present case show that such was in contemplation of the parties. But at the end of the period thus contemplated, or even actually contracted for, the employment then continues for an indefinite period, unless expressly renewed for another fixed period, or unless the custom in such employment be for a fixed time. Newman v. Longshoremen's Association, 11 Orleans App. 38.

It is true that it was apparently held oth-

erwise in Alba v. Moriarty, 36 La. Ann. 680; also in Lalande v. Aldrich, 41 La. Ann. 307, 6 So. 28, and in Sullivan v. Stave Co., 44 La. Ann. 787, 11 So. 89. But in those cases the facts and circumstances show that the employment in each case was well understood to be *by the year*, and hence they are not authority for the proposition that an employment *for a year*, when continued beyond that time, becomes an employment *by the year;* and if there be anything in said cases which might be so construed, they must be considered as *overruled* by the later case of National Automatic R. A. Co. v. Railroad Co., 115 La. 633, 39 So. 738, wherein it was held that a contract of hiring originally entered into for *two years*, was terminable thereafter at the will of either party, and was not renewed for another like period.

And that is the true rule. For there is no provision of law by which a contract for hire of services, if extended beyond the time first agreed upon, is renewed for another like term; and the only analogy thereto is the provision of the Civil Code (R. C. C. arts. 2685–2689), whereby a lease of real estate, if continued beyond the time originally agreed upon, shall be presumed to continue on the same terms and conditions, but *not* for the same period as the original contract, and only from month to month or from year to year, according to the nature of the property, whether urban or rural. And "if it [this rule] be invoked by analogy, then the rules and restrictions prescribed as to the one should be observed as to the other." Bermudez, C. J., in Alba v. Moriarty, 36 La. Ann. 680.

If there were anything in this case, as in the Alba, Lalande, and Sullivan Cases, supra, by which we could conclude that plaintiff was hired definitely *by the year* and not otherwise, so that he, plaintiff, was obliged to serve the whole year or forfeit all pay whatever (R. C. C. art. 2750; Cutter v. Pow-

ell, 6 T. R. 320, 2 Smith's Leading Cases, p. 1), there might be some merit in plaintiff's claim. But we feel quite certain, even upon plaintiff's own testimony, that *he* had no such contingency in contemplation. And the mere fact that his salary was fixed at $10,-000 *per year* does not alone justify the conclusion that his employment was *by the year*, especially where he drew his pay regularly *by the month.*

[2, 3] "In the absence of custom, or of facts and circumstances showing a contrary intention on the part of the parties, it is generally held that the fact that a hiring is at so much per day, week, month, quarter, or year, raises no presumption that the hiring was for such a period, but only at the rate fixed for whatever time the party may serve. * * *" 39 Corp. Jur. 45, verbo "Master and Servant," § 18.

And:

"In the case of the hire of services (where there is no question of custom) the services end at the will of either party." National Automatic F. A. Co. v. Railroad Co., 115 La. 633, 39 So. 738.

The district judge saw no merit in plaintiff's claim; nor do we.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., concurs in the decree.