**FLETCHER v. CRICHTON. \***

No. 4978.

Court of Appeal of Louisiana.
Second Circuit.

March 8, 1935.

S. R. Thomas, of Natchitoches, W. H. Wamsley, of Coushatta, and Barksdale, Bul-

lock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Russell E. Gahagan, of Natchitoches, for appellee.

DREW, Judge.

Tom J. Fletcher instituted this suit against Mrs. Mary B. Crichton, individually and as natural tutrix of her minor children, for the sum of $300. For a cause of action, he alleged that, during the month of December, 1931, he was hired by the said Mrs. Crichton as overseer of the plantation owned by her and her children, in Red River parish, La., for the year 1932, at the monthly salary of $75, and that he served in that capacity throughout the year 1932. At the end of 1932, nothing was said by petitioner or Mrs. Crichton about his working during the year 1933, but he continued in the same capacity, which met with the approval and satisfaction of Mrs. Crichton who paid him his monthly salary as it came due, up to and including the month of August, 1933.

Plaintiff further alleged that, by reconduction, the contract under which he had worked for the year 1932 was carried over into and made effective for the year 1933 by the actions of said Mrs. Crichton and petitioner. He further alleged that on September 1, 1933, Mrs. Crichton, without cause, justification, or reason fired and dismissed him and declared that she no longer needed his services and would pay him no more. He prayed for judgment at the rate of $75 per month for the four remaining months of the year 1933.

For answer, defendant admits that during the month of December, 1931, she hired plaintiff as overseer on the plantation owned by her and her children at a monthly salary of $75; that plaintiff continued in this capacity and was paid said stipulated sum up to and including the month of August, 1933. She further avers that plaintiff was employed expressly by the month, and that under the law she was privileged to dispense with his services at the end of any monthly period after the contract of employment was entered into; that on September 1, 1933, she dismissed plaintiff and declared that she no longer needed his services and would pay him no more.

Defendant further avers, in the alternative, that should the court hold the contract of employment herein was by the year and not by the month, then and in that event the said act of dismissal on her part was for good and sufficient cause, under the law, for eight different reasons, all of which she sets out and which are unnecessary to relate here due to our finding in the case.

The lower court rendered judgment for plaintiff as prayed for and defendant has appealed to this court.

In this court defendant has filed an exception of no cause of action and, in order to pass on it, we would necessarily have to consider the merits of the case, and, due to our finding, we prefer to pass on the merits.

The contract of employment was oral and entered into by plaintiff and defendant in the presence of plaintiff's wife. There were no other witnesses to the contract. Mrs. Crichton testified that she employed plaintiff in the latter part of December, 1931, to oversee her plantation, at a salary of $75 per month. She further testified that he had performed the same work for her on previous occasions; that she had employed him in February, 1929, to oversee the place and he had worked until September 16, 1930, when she discharged him, and he made no complaint at that time that he was entitled to a salary for the remainder of 1930. Plaintiff admits the former employment, but testified that he quit by mutual agreement with Mrs. Crichton on September 16, 1930. As to the last contract, he testified that he was employed on December 20, 1931.

Plaintiff was asked and answered the following questions:

"Q. What was that contract? A. What we said? Well, she asked me how much I would work for her for the next year, I said $75.00 a month, and she asked me if I would close the store, and I told her yes. That was the only contract we had.

"Q. And you were doing what at that time? A. I was running a grocery business.

"Q. You had your own business? A. Yes.

"Q. At the end of the year 1932, was there anything said with reference to your employment for the year 1933? A. No.

"Q. Neither by you nor Mrs. Crichton? A. No.

"Q. Well, what did you do? A. Just continued right on until the year was over.

"Q. And worked during the year 1933 up until September 1st? A. Yes.

"Q. At what periods of time did she pay you—monthly or yearly? A. Monthly.

"Q. What salary? A. $75.00.

"Q. Did she pay you for September, October, November and December, 1933? A. No.

"Q. Did you work for her during these months? A. No, she discharged me.

"Q. Did she give any reasons? A. No, just work was unsatisfactory.

"Q. Has she since paid you for those months? A. No."

Plaintiff's wife testified as follows:

"Q. Do you remember what was said about him working the next year? A. Yes, we were in the store and she said, Tom, I want you to work for me next year, and I want you to close the store so you won't have anything in your way.

"Q. Did he accept her offer at that time? A. He told her he would, and he closed the store."

The lower court correctly found the original employment was for the year 1932 at $75 per month. There was no trade of any kind between plaintiff and defendant for the year 1933, although plaintiff continued to do his same work of overseeing the plantation until he was discharged on September 1, 1933.

The first question for determination is, Was the contract under which plaintiff worked in 1932 carried over into and made effective as a contract for the year 1933 by reconduction? Plaintiff so contends and relies upon the following decisions: Alba v. Moriarty & Company, 36 La. Ann. 680; Chenet v. Libby & Blouin, 156 La. 503, 508, 100 So. 697, 698.

In the latter case, the overseer of a sugar plantation had served his employer as overseer of this identical plantation for twenty-seven years. The original contract was oral, and, without any special renewal, at the end of each year it had been continued and was continued until his discharge, which was by written notice, dated January 8, 1920, in which it stated that plaintiff's services would not be needed in thirty days from date. Plaintiff left the plantation on February 1, 1930. The court, in passing on the case, said:

"The only disagreement between plaintiff and defendant company is as to whether this contract was by the year or by the month, and terminable on 30 days' notice; the plaintiff contending that the contract has always been by the year and the defendant asserting that it has always been by the month. Plaintiff testifies that the Bush Grove plantation produces, among other crops, sugar cane, and has a refinery located upon it. He states also that the handling of a sugar cane crop requires a period of 12 months, if not more. The overseeing of the planting, cultivation, cutting of the cane, etc., necessarily consumes the entire year. Contracts of hiring of this character, in the very nature of things, are yearly and not monthly. The law of this state has

taken notice of the period of time required for raising a crop of sugar cane, and has declared that—

" 'A promise to make a crop of sugar is necessarily deferred, until the uncertain period when the cane shall be fit to cut.' R. C. C. art. 2050.

"The very nature of plaintiff's employment is a corroboration of his testimony that his contract was by the year as an overseer on the plantation of defendant company. As plaintiff was sent away by the proprietor of the plantation on which he had contracted to serve, before the expiration of the time during which he had agreed to serve, he is entitled to recover the whole of the salary for the year 1920, which he would have been entitled to receive, had the full term of his services arrived; unless plaintiff was discharged by defendant company for good and just causes, as alleged in the alternative, in its answer, in the event the court should hold that plaintiff's employment as overseer was for the term of one year. R. C. C. arts. 2748, 2749."

It is to be noted the court uses the expression "by the year" and not "for the year."

In the case of Alba v. Moriarty & Company, cited supra, the syllabus reads as follows:

"Where a person is employed at $1800 per year, and after he has notified his employers that he would make no engagement for less than a year, and for one year renders the services stipulated without complaint, and at the end of the year is not discharged, but continues to attend to the business as before, with the knowledge and apparent sanction of the employer, and at the end of a few months in the second year is discharged without cause, he will be entitled to recover the entire salary for the second year. The contract was a continuing contract by the year, subject to be terminated at the end of each year by the wish of one or both parties thereto.

"(Cited in Sullivan v. New Orleans Stave & H. Co., 44 La. Ann. [787] 791, 11 So. 89; Warner v. J. G. Clark & Co., 45 La. Ann. [863] 871, 13 So. 203, 21 L. R. A. 502; Jurgens v. Ittmann, 47 La. Ann. [367] 370, 16 So. 952; Becnel v. Ashton Plantation Co., 105 La. [677] 687, 688, 30 So. 152; Watson v. Barber, 105 La. [799] 804, 30 So. 127.)"

It is to be noted here the term "by the year" is used, and, in the body of the opinion, the court said: "The plaintiff, by the terms of the letter evidencing the contract, was employed, not for one year, but at $1800 per year. It was, therefore, a continuing contract from

year to year, until terminated by mutual consent or by timely notice given by either party at or before the expiration of the year."

In a later case, Russell v. White Oil Corporation, 162 La. 9, 110 So. 70, 71, the court discusses all former cases, with the exception of the Chenet v. Libby & Blouin Case. The court in this case distinguished clearly employment for a year from employment by the year in the following language:

"It is true that it was apparently held otherwise in Alba v. Moriarty, 36 La. Ann. 680; also in Lalande v. Aldrich, 41 La. Ann. 307, 6 So. 28, and in Sullivan v. Stave Co., 44 La. Ann. 787, 11 So. 89. But in those cases the facts and circumstances show that the employment in each case was well understood to be by the year, and hence they are not authority for the proposition that an employment for a year, when continued beyond that time, becomes an employment by the year; and if there be anything in said cases which might be so construed, they must be considered as overruled by the later case of National Automatic F. A. Co. v. Railroad Co., 115 La. 633, 39 So. 738, wherein it was held that a contract of hiring originally entered into for two years, was terminable thereafter at the will of either party, and was not renewed for another like period.

"And that is the true rule. For there is no provision of law by which a contract for hire of services, if extended beyond the time first agreed upon, is renewed for another like term; and the only analogy thereto is the provision of the Civil Code (R. C. C. arts. 2685–2689), whereby a lease of real estate, if continued beyond the time originally agreed upon, shall be presumed to continue on the same terms and conditions, but not for the same period as the original contract, and only from month to month or from year to year, according to the nature of the property, whether urban or rural. And 'if it (this rule) be invoked by analogy, then the rules and restrictions prescribed as to the one should be observed as to the other.' Bermudez, C. J., in Alba v. Moriarty, 36 La. Ann. 680."

Plaintiff in his testimony says he was employed for the year 1932 and not for an indefinite time. Custom in particular trades or vocations might fix the term of an original or extended employment, but custom must be pleaded and proved. Neither was done in this case. We do not know what was grown on defendant's plantation, nor do we know when the crops grown thereon were usually and customarily harvested. Article 2050 of Revised Civil Code directly refers to a crop of sugar, and the Chenet Case specially refers to a crop of sugar cane and a refinery on the plantation where the cane was made into sugar, and said the overseer of such a plantation necessarily would consume the full year.

In the case at bar, custom as to the term of the overseer's contract is neither pleaded nor proved. We are convinced that the services of plaintiff as overseer during the year 1933 were subject to be terminated at will by either party, and, when he was discharged on September 1, 1933, and paid his salary up to that date, he had no further claim against defendant.

The judgment of the lower court is reversed and plaintiff's demands rejected, at his costs.