## FLETCHER v. CRICHTON et al.
### No. 4978.

Court of Appeal of Louisiana.
Second Circuit.

June 29, 1935.

For former opinion, see 159 So. 442.

S. R. Thomas, of Natchitoches, W. H. Wamsley, of Coushatta, and Barksdale, Bullock, Warren Clark & Van Hook, of Shreveport, for appellant.

Russell E. Gahagan, of Natchitoches, for appellee.

TALIAFERRO, Judge.

We granted a rehearing in this case for the twofold purpose (1) of giving further study to the merits thereof, and (2) of amplifying and modifying what we had to say concerning the necessity of a litigant alleging and proving the existence of a custom relied upon by him as a basis of recovery or defense. We arise from a second study of the record convinced that the opinion and decree heretofore rendered is correct, excepting what we may say to the contrary on the question of custom mentioned above.

It is admitted that plaintiff was employed by defendant to oversee her cotton plantation for the year 1932, at a salary of $75 per month. So far as the testimony discloses, it was not contemplated by the parties that this employment would extend beyond the year 1932. However, without further agreement or discussion between them, plaintiff continued to perform the duties of overseer until September 1, 1933, and defendant regularly paid him monthly the same salary he drew during 1932. His services were dispensed with on this date. He sues for unearned salary of the last four months of 1933, alleging that the contract for 1932 was renewed and continued by reconduction, in view of said facts, to cover the entirety of the following year. This contention is controverted by defendant, who argues that plaintiff's employment was for the year, not by the year, and that reconduction did not follow as a legal consequence of her allowing him to act as her overseer the first eight months of 1933. She avers, in the alternative, that she had

good and sufficient cause to dispense with plaintiff's services at the time she did so, alleging facts relied upon for this conclusion. These were not considered by us in our first opinion, as we preferred to base our judgment upon the legal question presented. We shall now pursue the same course with respect to the alternative defense, though we find in the testimony much to support same.

Plaintiff did not allege, but here contends, that it is a well-recognized custom of cotton planters, especially operators of large plantations, to employ their overseers by or for the calendar year, and, that being true, the facts of this case, when viewed in the light of such custom, perforce superinduced reconduction of the contract for the year 1933. Defendant, replying to this argument and reasoning, says that the existence of a custom is a question of fact which must, like all other facts, be alleged and proved. We ruled in favor of this contention. Our ruling is not wholly correct.

■ If one depends upon a local custom to support his position in a suit, the existence of such a custom must be alleged as a fact and proved before the court is warranted in giving it consideration in the case. Judicial cognizance of such a custom may not be properly taken. Senac v. Pritchard, 4 La. 160; Tyson v. Laidlaw, 18 La. 380; Harkness v. Church, 10 La. Ann. 64.

On this subject, Corpus Juris, vol. 17, p. 516, § 80, lays down the rule to be: "Particular customs or usages relating to a particular locality or trade must, however, according to the general rule, be pleaded by the party seeking to make them a basis of recovery or defense, and cannot in the latter case be shown under a general issue or denial."

In this same paragraph it is further said, as to general customs: "In accordance with the rules of pleading applicable to other matters, it is not necessary to plead customs or usages of which the court will take judicial notice. Hence the rule that general customs need not be pleaded."

In Poland v. Hollander et al., 62 Misc. 523, 115 N. Y. S. 1042, 1044, it was held: "A general custom or usage, such as may be judicially noticed, may be noticed on demurrer without being alleged; but a local custom or usage of a particular trade cannot be."

The decisions of our own courts sustain these views. Thompson & Co. v. Gosser-

and, 131 La. 1056, 60 So. 682; Theodore v. Ellis, 141 La. 709, 75 So. 655; Seymour & Co. v. Castell, 160 La. 371, 107 So. 143.

■ We think that it is a matter of common knowledge, based upon a general and well-recognized custom, that services of overseers of cotton plantations are necessary the year round, and that they are almost invariably employed for the calendar year. Of such a custom the courts may take judicial cognizance without allegation or proof. Miller v. Gidiere, 36 La. Ann. 201, 203.

■ If there is indefiniteness in the contract of employment as to its term, custom may be resorted to to supply that which is not expressed or is indefinite. However, if the contract, as proved, is definite as to term, of course resort to custom is unnecessary. If a plantation owner employs an overseer at the beginning of the year to look after his farming interests and nothing is said about the term of the employment, then custom may be invoked to write a term into the agreement, but this is as far as the effect of the custom will go. It cannot be successfully invoked to bind the employer to another full year's engagement to the overseer should he continue to act as such during a part of the next year.

The case of Russell v. White Oil Corporation, 162 La. 9, 110 So. 70, 71, we think decisive of the present case on the question discussed. The opinion in that case reviews the jurisprudence bearing upon the question, and after doing so says: "But in those cases the facts and circumstances show that the employment in each case was well understood to be by the year, and hence they are not authority for the proposition that an employment for a year, when continued beyond that time, becomes an employment by the year; and if there be anything in said cases which might be so construed, they must be considered as overruled by the later case of National Automatic F. A. Co. v. Railroad Co., 115 La. 633, 39 So. 738, wherein it was held that a contract of hiring originally entered into for two years, was terminable thereafter at the will of either party, and was not renewed for another like period."

The case of Chenet v. Libby & Blouin, Ltd., 156 La. 503, 100 So. 697, 698, is not mentioned by the court. It is subsequent to the cases cited in the Russell Case. However, the facts of the Chenet Case are so dissimilar to those of the case at bar, we do not think it applicable at all. There the

discharged overseer had worked for defendant year in and out for twenty-six years. The court said: "The very nature of plaintiff's employment is a corroboration of his testimony that his contract was by the year as an overseer on the plantation of defendant company. As plaintiff was sent away by the proprietor of the plantation on which he had contracted to serve, before the expiration of the time during which he had agreed to serve, he is entitled to recover the whole of the salary for the year 1920, which he would have been entitled to receive, had the full term of his services arrived. * * *"

Contra, in the present case, the contract was for the year, and not by the year; and, in addition, it is proved that in 1930 plaintiff was discharged by defendant as overseer in the month of September, and he made no contention that she did not have the right to do so.

For the reasons herein assigned, our former judgment and decree is reinstated and made final in the case.