164 So. 411

**FLETCHER v. CRICHTON.**

No. 33578.

Nov. 4, 1935.

Rehearing Denied Dec. 2, 1935.

Russell E. Gahagan, of Natchitoches, for relator.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for respondent.

FOURNET, Justice.

Plaintiff instituted this suit for the recovery of his salary for the last four months of the year 1933, aggregating the sum of $300, alleging that he was employed by Mrs. Mary B. Crichton, individually, and as nat-

ural tutrix of her minor children, as an overseer of a large cotton plantation owned by her and her children, for the year 1932, at a monthly salary of $75, and that at the expiration of the year, without the formality of a renewal of the contract, the plaintiff continued his services as an overseer during the year 1933 and was paid the same salary until the end of the month of August, when he was discharged without cause.

The defendants answered the petition, admitting that plaintiff was hired for the year 1932, but averred that he was employed expressly by the month, and that they were at liberty to dispense with his services at the end of any monthly period after the contract of employment was entered into, and did dismiss the plaintiff on the first of September, 1933. In the alternative, the defendants pleaded that if the court should hold that the contract of employment was by the year and not by the month, then, in that event, the act of dismissal was for good and sufficient cause under the law, and defendants enumerated eight specific reasons therefor.

The trial judge rendered judgment in favor of the plaintiff as prayed for. The judgment of the lower court was reversed by the Court of Appeal, Second Circuit, 159 So. 442, and, on rehearing, the Court of Appeal reinstated its former decree and judgment, 162 So. 435. The matter is now before us for review on writs granted by this court.

Plaintiff contends that because of the very nature of his employment he was originally employed for a year, and, necessarily, when his employment continued during the fol-

lowing year without any agreement, the custom that such employment is by the year must prevail.

In the case of Russell v. White Oil Corporation, 162 La. 9, 10, 110 So. 70, 71, we said:

"There are, of course, circumstances from which it may be inferred that a contract of employment was to continue for some fixed period, say, at least a year. Kramer v. Dixie Laundry Co., 8 Orleans App. 284. The circumstances in the present case show that such was in contemplation of the parties. But at the end of the period thus contemplated, or even actually contracted for, the employment then continues for an indefinite period, unless expressly renewed for another fixed period, or *unless the custom in such employment be for a fixed time.*" (Italics ours.)

In the same case, at page 12 of 162 La., 110 So. 70, 71, we quoted with approval the following:

"*'In the absence of custom, or of facts and circumstances showing a contrary intention on the part of the parties,* it is generally held that the fact that a hiring is at so much per day, week, month, quarter, or year, raises no presumption that the hiring was for such a period, but only at the rate fixed for whatever time the party may serve. * * *'* 39 Corp.Jur. 45, verbo 'Master and Servant,' § 18. [Italics ours.]

"And:

"'In the case of the hire of services *(where there is no question of custom)* the services end at the will of either party.'

National Automatic F. A. Co. v. Railroad Co., 115 La. 633, 39 So. 738." (Italics ours.)

In the case of Chenet v. Libby & Blouin, Ltd., 156 La. 503, 507, 100 So. 697, this court had for consideration a question similar to the one at bar, and we held that "the *very nature of plaintiff's employment* is a corroboration of his testimony that his contract was by the year as an overseer on the plantation of the defendant company."

In the case of Miller v. Gidiere & Marmande, 36 La.Ann. 201, 202, 203, this court took judicial notice that "overseers are not usually employed from month to month, or by the month. Our agriculture requires them through the year." ·

We held, in the case of Woods v. M. A. Shumard & Co., 114 La. 451, 38 So. 416, that "employment by the year may be implied from the *nature of the business.*" We have also held that courts may take judicial cognizance of any custom that is well known. Thompson & Co. v. Gosserand, 131 La. 1056, 60 So. 682; Theodore v. Ellis, 141 La. 709, 75 So. 655; William D. Seymour & Co. v. Castell, 160 La. 371, 107 So. 143.

On this subject, Corpus Juris, vol. 17, § 80, p. 516, lays down the rule that "in accordance with the rules of pleading applicable to other matters, it is not necessary to plead custom or usages of which the court will take judicial notice. *Hence the rule that general customs* need not be pleaded." In the same volume, at page 519, section 84, it is further said that "general customs of the country and the general customs of merchants are judicially noticed by the courts. * * *"

The Court of Appeal, 162 So. 435, in this case said:

"It is common knowledge, based on general and well-recognized custom, that services of overseers of cotton plantations are necessary the entire year, and that such overseers are almost invariably employed for the calendar year, and courts may take judicial cognizance of such custom without allegation or proof."

And cited in support thereof, the case of Miller v. Gidiere & Marmande, supra.

We think that the nature of plaintiff's employment and the general custom relative thereto, as well as the facts and circumstances in the case at bar, show the intention of the parties was that plaintiff should continue in the employ of defendant during the year 1933 in the capacity of overseer under the same terms and conditions as was provided for in their 1932 contract, and that his services as overseer of the cotton plantation were necessarily for the entire year. Chenet v. Libby & Blouin, Ltd., supra.

The next question arises under the alternative defense.

Article 2749 of the Revised Civil Code provides:

"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."

Without narrating the evidence on the factual issue as to whether or not plaintiff was discharged for cause, we conclude, as did our learned brother below, after a careful review of the record, that plaintiff was fired "without any serious ground of complaint," and, therefore, defendants are liable for the amount claimed.

For the reasons assigned, the judgments of the Court of Appeal, Second Circuit, are annulled, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Tom J. Fletcher, and against Mrs. Mary B. Crichton, individually and as natural tutrix of the minor children of Thomas J. Crichton, deceased, in the full sum of $300, with 5 per centum per annum interest thereon from judicial demand, until paid, and all costs of court.

ODOM, J., dissents, being of the opinion that the decision of the Court of Appeal in 162 So. 435 is correct.