KENNON, Judge.
Plaintiff alleged that from 1941 to February 23, 1948, she worked as an overseer on a plantation in Natchitoches Parish, Louisiana, owned by Mr. E. B. Winbarg until his death on January 28, 1948 and then owned by his widow, defendant in the present case, until she .sold same the following month.
Asserting that she had been employed by Mr. Winbarg, prior to his death, for the year 1948 at a salary of $25.00 a week, and that an additional bonus of $500.00 had been stipulated to be paid in the fall when the crop was gathered, and that she had been discharged by Mrs. Winbarg on February 23, 1948, without just cause, plaintiff filed his suit for $1100.00 in wages for the remaining forty-four weeks of 1948, for $100.00 allegedly due on the 1947 bonus of $500.00 and for $500.00 due as a bonus for the year 1948.
In answer, the defendant admitted the employment of plaintiff, but set forth that her services were not those of overseer, but rather that she was employed “to perform only such services as may be required of her,”, and that such employment was on a weekly basis.
The District Court held that plaintiff had been employed as an overseer on an annual basis and rendered judgment in her favor for $1100.00 (forty-four weeks at $25.00 per week). The District Court denied the $600.00 claimed for bonus on the ground that the contract was not reduced to writing nor established by corroborative circumstances or an additional witness, as required by Article 2277, Revised Civil Code.
Defendant appealed. Plaintiff answered the appeal praying that the judgment be increased to include the $600.00 claimed under the bonus paragraphs of her petition.
In corroboration of her own testimony that she was employed as an overseer on the Winbarg plantation, plaintiff produced representatives of two farm equipment businesses and the wholesale agent of the Gulf Refining Company, all of whom testified that they dealt with Mr. Winbarg constantly in connection with his farming operations and that plaintiff acted in the capacity of overseer. Two or more testified that Mr. Winbarg himself told them that she was his overseer and added that she was a good one. Similar testimony was given by the operator of the gin which handled cotton from the Winbarg plantation.
Without going into further details of the testimony, we find that the record amply supports the finding of the District Judge that plaintiff was in fact employed as an overseer on the Winbarg farm and had been so employed for the year 1948. We further find that she had actively managed the arrangements incident to the beginning of operations for the farming year of 1948 and was so engaged in February when Mrs. Winbarg sold her farm holdings for $60,000.00 to Dr. R. S. Roy of Natchitoches.
It is unfortunate that the death of Mr. Winbarg and the sale of the plantation shortly afterwards made it to Mrs. Winbarg’s interest to discontinue the employment of plaintiff. However, as far as plaintiff was concerned, the dismissal was not justified by any lack of attention by plaintiff to her duties as overseer and therefore defendant is liable for the remainder of the year’s wages. Article 2749, Revised Civil Code; Fletcher v. Crichton, 183 La. 551, 164 So. 411.
We agree with the District Court that plaintiff failed to introduce sufficient *195 evidence to support her allegation that she was entitled to the annual bonuses as set forth in her petition.
The judgment appealed from is affirmed, with costs.