ST. PAUL, J.
 

 Plaintiff appeals fiom the judgment sustaining an exception of no cause of action.
 

 He alleges, in substance, that he was employed by .the defendant in the capacity of field manager at a salary of $500 per month
 
 *67
 
 under a written contract with a clause providing that “this contract of employment is to continue as long as said company (defendant) is operating”; that he entered upon his said employment and faithfully executed the duties thereof; that during the period of said contract, to wit, while defendant was still operating, he was discharged without cause.
 

 In this suit plaintiff claims salary at the agreed rate of $500 a month for some five months which had elapsed between the date of his discharge and the filing of this suit; also for an additional $500 per month for each and every month that elapsed between the filing of the suit and the judgment therein ; and he also expressly reserves the right to claim from time to time additional salary at the same rate as the same accrued during the life of the contract, which he claims lasts as long as the defendant operates.
 

 The contention of the defendant is that the contract was for an indefinite period and therefore terminable at the will of either party. Wherefore their exception of no cause of action.
 

 I.
 

 It is not disputed that' if the contract, as above written, was only for an indefinite and not for some fixed or readily ascertainable, period, then it might be terminated at the will of either party. Cf. Russell v. White Oil Corp., 162 La. 10, 110 So. 70.
 

 In our opinion, the contract was one for an indefinite period. “In case the parties to a contract of service expressly agree that the employment shall be permanent, the law implies not that the engagement shall be continuous or for any definite period, but that the term being indefinite the hiring is merely at will.” 18 R. C. L. 509 (Verbo Master and Servant, § 20). This text is supported by Sullivan v. Detroit, etc., Ry., 135 Mich. 661, 98 N. W. 756, 64 L. R. A. 673, 106 Am. St. Rep. 403.
 

 This is a correct but not a full expression of the law. In Rape v. Mobile & Ohio R. Co., 136 Miss. 38, 100 So. 585, 35 A. L. R. 1422, it was held that a contract for permanent employment so long as the work is satisfactorily performed, which is not supported by any consideration other than the obligation of services to be performed on the one hand, and wages to be paid on the other, is terminable at the pleasure of either party. And the note to that case, 35 A. L. R. page 1432, states the rule as follows: “In most of the jurisdictions passing on the duration of a contract purporting to be for permanent employment, it is held that, in the absence of additional express or implied stipulation as to the duration of the employment or of a good consideration additional to the services contracted to be rendered, a contract for permanent employment, for life employment, for as long as the employee chooses, or for other terms purporting permanent employment, is no more than an indefinite general hiring terminable at the will of either party” — citing cases from the following jurisdictions: California, Georgia, Indiana, Iowa, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, Ohio, Oklahoma, Texas, and England.
 

 On the other hand, again quoting from the same note, 35 A. L. R. at page 1434: “It has been held that where an employee has given a good consideration in addition to his services, an agreement to hire him permanently
 
 *69
 
 should, In the absence of other terms or circumstances to the contrary, continue so long as the employee is able and willing to do his work satisfactorily” — citing cases from the following jurisdictions: Arkansas, Florida, Indiana, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Hampshire, Ohio, and Pennsylvania.
 

 II.
 

 The reason for the distinction is obvious. An employee is never presumed to engage his services permanently, thereby cutting himself off from all chances of improving his condition ; indeed, in this land of opportunity it would be against public policy and the spirit of our institutions that any man should thus handicap himself; and the law will presume almost juris et de jure that he did not so intend. And if the contract of employment be not binding on the employee for the whole term of such employment, then it cannot be binding upon the employer; there would be lack of “mutuality.”
 

 But if the employee has given, in addition to the services which he promised to perform, a consideration, whatever the nature of such consideration be, then he has in effect purchased, for a valuable consideration, an option to keep the employment for the term specified; and such a contract is a valid one.
 

 Quoting .again from the same note, 35 A. L. R., page 1437: “It is held that, where an employee has purchased a permanent employment for a good consideration additional to the services which he contracts to render, the contract entitles him to an option as to when the term shall end, and to substantial damages for a breach thereof by his employer. (Citing cases from the following jurisdictions : Ind., Ky., Minn., Texas and W. Va.)”
 

 III.
 

 In this case, there being no additional consideration given or promised beyond the services to be rendered, the contract was terminable at the will of either party, employer as well as employee.
 

 It may be that instances might be found in which the services are engaged for a comparatively brief period, and in which, in view of all the surrounding circumstances, the presumption of the law that an employee will not permanently cut himself off from all opportunity of future advancements would not apply. But that is not the case here. An employment which is to continue as long as the employer shall do business is such an employment as might effectively deprive the employee, for the rest of his natural life, of all opportunity to improve his condition. Such a contract, as we have said, would be against public policy and the spirit of our institutions. The ruling of the trial judge was correct.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is affirmed.