## HILL v. MISSOURI PAC. RY. CO.
### No. 2147.

District Court, W. D. Louisiana, Alexandria Division.

July 20, 1933.

T. A. Carter, of Alexandria, La., for plaintiff.

Hawthorn, Stafford & Pitts, of Alexandria, La., and Hudson, Potts & Bernstein, of Monroe, La., for defendant.

DAWKINS, District Judge.

Plaintiff alleges that all of his life he has been a telegraph operator, and while acting as such for the defendant at Tioga, La., in 1924, he was shot and wounded by a robber,

attempting to hold up. defendant's station at that point, and, in consideration for a release of the defendant from liability, signed by him, "he was to have a life-time position with defendant as telegraph operator, or until such time as he retired on a full pension," which would be at the age of seventy years; that he would be seventy years of age on April 20, 1933, but that on September 26, 1931, he was discharged upon the complaint that he had been on that date intoxicated, based upon a "trumped up charge for the purpose of dispensing with his services in order to avoid the pension that he was entitled to and further to avoid the agreement and understanding that was had at the time he was shot at Tioga, Louisiana"; and that he was denied a hearing.

Petitioner further alleges that he was earning $150 per month; that, upon attaining the age of seventy years, taking his life expectancy in consideration, at $150 per month he would be entitled to $5,000; that, in the alternative, if the court should hold that he is not entitled to be paid the said $5,000 "in lump sum," then he is entitled to $150 per month from September 26, 1931, until April 20, 1933, when he would be entitled to retire on pension, and that the defendant company should be compelled to pay the same. His prayer is for judgment in the sum of $5,000, and, in the alternative, for $150 per month from September 26, 1931, to April 20, 1933, and that thereafter "he be retired on a pension, and that the defendant company be compelled to pay the said pension in accordance with its rules and regulations thereto."

The suit was filed in the state court but removed to this court on the ground of diverse citizenship. Defendant has now filed an exception of no cause of action and, in the alternative, a plea of vagueness.

The exception of no cause of action is addressed to the proposition that under the law of Louisiana (Rev. Civ. Code, art. 167) an adult is prohibited from engaging his services for a longer period than five years, and, since the petition alleges the employment was to be for the remainder of plaintiff's life, conceding that the petition effectively alleges a contract and agreement to that end, the same was null and void because in contravention of a prohibitory law, to wit, the said article of the Code. At the time of the discharge (1931), the alleged agreement had been in effect for approximately seven years, which was longer than the restriction of article 167 of the Code. That article reads as follows: "Persons who have attained the age of majority can not bind themselves for a longer term than five years."

This is found in the title of Master and Servant in the Code, and clearly, I think, has application to a situation of this kind. Otherwise the petition alleges no definite life of the contract so as to make the defendant liable because of a wrongful discharge, for his wages for the remainder of the term of his employment under article 2749 of the Code. Article 12 of the Code provides: "Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed."

I am of the opinion that article 167 is in the nature of a police regulation or expression of public policy by the lawmaker, to prevent those who have to seek employment, including the class to which plaintiff's services belong, from tying themselves up by indefinite or unlimited agreements that might seriously affect or restrict their ability to develop by a change of employment if found desirable. See Caldwell v. Turner, 129 La. page 19, 55 So. page 695.

It is exceedingly unfortunate for the plaintiff, if it be true as alleged, that the defendant has deliberately dispensed with his services to deprive him of the pension to which he would have been entitled in so short a time, to wit, about two and one-half years. However, courts cannot legislate or deal with such matters except under the circumstances in which they are presented. The plaintiff, as well as the defendant, is presumed to have known the law when this alleged agreement was made, and that under it such an agreement was invalid, at least beyond a period of five years, and which term had long since expired when he was discharged.

I am of the opinion, therefore, that the exception of no cause of action must be sustained.

Proper decree should be presented.