**167 So. 99**

### PAGE v. NEW ORLEANS PUBLIC SERVICE, Inc.

No. 33302.

March 2, 1936.

Rehearing Denied March 30, 1936.

Joseph O. Schwartz, of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellee.

BRUNOT, Justice.

This is a suit on an oral contract. The appeal is from a judgment maintaining the defendant's exception of no cause of action and dismissing the plaintiff's suit at his cost.

The petition alleges that, after ten years of service as an employee of the defendant, the latter discharged him, without cause, and he is, therefore, entitled to recover from the defendant the sum of $63,628, based on his life expectancy, together with legal interest thereon from judicial demand until paid, and the costs of the suit. The prayer of plaintiff is for judg-

ment for the sum, interest, and costs sued for.

The suit is based on an alleged lifetime contract with the defendant as a meter tester for defendant, it being agreed that the term "life employment" means continuous employment as long as the plaintiff performs his work in an efficient and proper manner.

The defendant's exception of no cause of action is based upon the prohibition contained in Civ.Code art. 167. We quote the article:

"Persons who have attained the age of majority can not bind themselves for a longer term than five years."

The reasons for the prohibition have been considered and adopted by this court too often to be again repeated. In the case of Pitcher v. United Oil & Gas Syndicate, Inc., 174 La. 66, 139 So. 760, this court held, quoting from the syllabus, as follows:

"Contract for employment as long as master is operating, without other consideration from servant than services to be rendered, held for indefinite period, terminable at will of either party."

The plaintiff contends that he surrendered a lucrative position in California to accept employment with the defendant during a strike of certain of its employees, and, by reason of the surrender of such position, he was not an ordinary employee, but the holder of an option, for consideration, and therefore entitled to hold his position with the defendant company to the termination of his lifetime contract.

 It is pertinent to ask, in this connection, what consideration, if any, did the defendant receive from the plaintiff beyond the service the plaintiff rendered it while in its employ. The record shows none; hence the status of plaintiff remains that of a person over the age of majority who is suing upon a contract for a lifetime employment. To a suit on a prohibited contract the exception of no cause of action is a proper defense, and the judgment maintaining the exception filed herein and dismissing this suit is correct.

For the reasons assigned the judgment appealed from is affirmed, at appellant's cost.