163 So.2d 124 (1964)
Willard SMITH
v.
SOHIO PETROLEUM COMPANY.
No. 1112.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1964.
Brumfield, Turner & Cooper, by Robert E. Turner, Baton Rouge, for plaintiff-appellant.
Liskow & Lewis, by Gene W. LaFitte, New Orleans, for defendant-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
*125 CULPEPPER, Judge.
This is a suit for damages for breach of a "lifetime employment contract", and in the alternative for workmen's compensation benefits. The district judge sustained an exception of no cause of action as to the primary demand for breach of contract and sustained an exception of prescription as to the alternative demand for workmen's compensation benefits. Plaintiff appealed.
Addressing ourselves first to the demand for breach of contract, we find the factual allegations of plaintiff's original and supplemental petitions, which, for purposes of consideration of the exception of no cause of action, must be accepted as true, show the following: During March of 1949, while employed by defendant as a roughneck on a drilling rig, plaintiff fell and injured his back. He was thereby rendered totally and permanently disabled. In May of 1949, representatives of defendant entered into an oral contract with plaintiff whereby plaintiff agreed to relinquish any claim for workmen's compensation benefits and defendant agreed to give plaintiff a lifetime job, which he was physically capable of performing, as well as a "company house" for the remainder of plaintiff's life. Plaintiff's salary was to be the same as paid by defendant to others in the type of job assigned to plaintiff. Pursuant to said agreement, petitioner worked as a "pumper" for defendant from May of 1949 until about March 10, 1960, when he was discharged due to no fault of his own. Plaintiff is 57 years of age, with a life expectancy of 16 years. Under these facts plaintiff contends he is entitled to loss of wages in the sum of $100 per week for 16 years, or a total of $80,000.
In support of its exception of no cause of action, defendant contends the alleged lifetime employment contract is invalid and unenforceable. Defendant argues that such contracts are prohibited by two articles of our LSA-Civil Code. The first is Article 2746 which states: "A man can only hire out his services for a certain limited time, or for the performance of a certain enterprise." The second is Article 167 which states: "Persons who have attained the age of majority can not bind themselves for a longer term than five years."
In the case of Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213, the court interpreted these codal articles as follows:
"Plaintiff testified that the contract of employment was for life. Even if it were, however, the contract would avail him nothing for an employment contract for life is prohibited under our law. See Arts. 167, 2746, La.Civ. Code; Page v. New Orleans Public Service, Inc., 184 La. 617, 618, 167 So. 99. As we view the matter, the contract was for an indefinite period of time; in other words, there was no definite or fixed period of employment. It is well settled that in such a case the employment must be considered as being at the will of either party. United Credit Co. v. Croswell Co., 219 La. 993, 54 So.2d 425; Pitcher v. United Oil & Gas Syndicate, 174 La. 66, 139 So. 760; Russell v. White Oil Corporation, 162 La. 9, 110 So. 70."
Despite these well established principles of law, plaintiff argues that he has stated a cause of action, under certain language in the case of Pitcher v. United Oil & Gas Syndicate, 174 La. 66, 139 So. 760, which language plaintiff admits is dictum, and reads as follows:
"Quoting again from the same note, 35 A.L.R., page 1437: `It is held that, where an employee has purchased a permanent employment for a good consideration additional to the services which he contracts to render, the contract entitles him to an option as to when the term shall end, and to substantial damages for a breach thereof by his employer. (Citing cases from the following jurisdictions: Ind., Ky., Minn., Texas and W.Va.)'"
*126 Under the Pitcher case, plaintiff argues that his relinquishment of workmen's compensation benefits constituted a consideration in addition to the services which he contracted to render and that he, in effect, purchased a permanent employment, terminable at plaintiff's option only.
We think the Pitcher case is distinguishable from the present matter and is not controlling here. The facts of the Pitcher case show that plaintiff was employed as a field manager "* * * as long as said company (defendant) is operating." While not reflected in the opinion, the plaintiff was apparently discharged within five years after the inception of the contract, because the court does not mention the five year limitation of LSA-C.C. Art. 167, but instead discusses only the rule mentioned in LSA-C.C. Art. 2746, that a man can hire out his services only for a certain definite and limited time. The court concluded that this employment, which was to continue as long as the employer was in business, was for an indefinite period and was therefore terminable by either party at any time. The court also found that there was no additional consideration promised by plaintiff other than his services, so as to require an application of the rule of law quoted above from other jurisdictions. Thus, the quotation of said jurisprudence from certain commonlaw states, regarding consideration additional to services rendered, is pure dictum. The Pitcher case does not in any way involve LSA-C.C. Art. 167 which provides an absolute prohibition in this state against employment contracts for a longer term than five years.
Although it is a Federal Court decision, we think the case of Hill v. Missouri Pacific Railway Co., 8 F.Supp. 81 (W.D. of La. 1933) is squarely in point and is correct. There plaintiff was a telegraph operator who was shot by a robber during the course of his employment. He alleged that in consideration of a release by him of the defendant railway company from any liability, he was given a lifetime job. He was discharged after seven years. The court held that LSA-C.C. Art. 167, providing the five year limitation, is an expression of public policy by the legislature and that whatever is done in contravention of this prohibitory law is void.
It is our conclusion that the exception of no cause of action was properly sustained.
Addressing ourselves next to the exception of prescription of plaintiff's alternative demand for workmen's compensation benefits, we find the salient facts, as alleged in plaintiff's petition, are as follows: In March of 1949 plaintiff fell and injured his back, which injury rendered him totally and permanently disabled. In May of 1949 plaintiff was rehired by defendant to do lighter work at a lesser salary, but was paid wages commensurate with the work performed. Plaintiff continued in such employment for approximately 11 years, until on about March 10, 1960 he was discharged. This suit was filed on February 12, 1962, although a prior suit based on this same claim was filed in Iberville Parish on June 23, 1960, within one year of the termination of the employment.
Defendant's exception of prescription is based on LSA-R.S. 23:1209 which reads as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year *127 from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
As to the one year prescription, it is plaintiff's contention that "* * * as long as appellant was employed by the appellee on light duty, that this interrupted the one year prescription running against the cause of action. See Watson v. United States Tobacco Co., 87 So.2d 205 (La.App.1956)." Plaintiff argues that the suit for compensation benefits, filed in Iberville Parish on June 23, 1960, was within one year of the termination of plaintiff's employment and was therefore timely filed. The answer to this argument, as pointed out by the district judge, is that Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, which was later followed in Watson v. United States Tobacco, supra, and other cases, does not hold that the prescription of one year is interrupted until the claimant leaves his employment. Those cases involved injuries which "developed later" as distinguished from injuries which developed at the time of or immediately after the accident. They hold that the limitation of one year shall not take effect until one year from the time the injury develops and that the injury "develops" when it manifests itself or becomes so disabling that the employee must stop work. See Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522. In the present case the plaintiff's injuries did not develop later but, instead, developed immediately at the time of the accident. Plaintiff's petition itself alleges that during March of 1949 he fell on a drilling rig floor and suffered injuries to his back which rendered him totally and permanently disabled. There is no contention whatever that the injury developed later after the accident. The cited jurisprudence clearly has no application here.
As to the requirement that suit be filed within two years after the accident set forth in the last sentence of LSA-R.S. 23:1209, it is plaintiff's contention that this provision applies only "* * * where the injury does not result at the time of, or develop immediately after the accident." Plaintiff contends the two year limitation applies only to those cases where the injury "later develops". Plaintiff cites no case in support of this argument and we find no merit in it. It is our understanding of the law that in all cases, whether the injury developed immediately or developed later, the suit must be filed within two years of the date of the accident, or else it will be barred by the peremption of two years. Wallace v. Remington-Rand, Inc., 229 La. 651, 86 So.2d 522; Morgan v. Rust Engineering Co., 52 So.2d 86 (Orleans App.1951).
We conclude that both the prescriptive period of one year and the peremptive period of two years bar plaintiff's alternative demand for workmen's compensation benefits.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.