373 So.2d 979 (1979)
Calvin W. GRIFFITH and Barbara Ann Fitch Griffith, Plaintiffs-Appellants,
v.
SOLLAY FOUNDATION DRILLING, INC., Defendant-Appellee.
No. 7043.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1979.
*980 George & George, James A. George and C. John Naquin, Jr., Baton Rouge, for plaintiffs-appellants. Camp, Carmouche, Palmer, Barsh & Hunter, Glenn Michael Bourgeois, Lake Charles, Stockwell, Sievert, Viccellio, Clements & Shaddock, Fred H. Sievert, Jr., Lake Charles, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
Plaintiffs, Mr. and Mrs. Calvin Griffith, brought suit seeking damages for the alleged breach of an oral contract of employment entered into between Calvin Griffith and John D. Hines as acting Receiver of defendant corporation, Sollay Foundation Drilling, Inc. (Sollay). The trial court rendered judgment in favor of defendant, rejecting plaintiffs' demand for the unpaid portion of one year's salary, along with bonus money and other damages allegedly sustained when Griffith's employment with Sollay was terminated without cause. From this judgment, plaintiffs have appealed. We affirm.
The record reveals that in January, 1975, while appellant was employed by Murphy Oil Corporation in Atlanta, Georgia, he was contacted by John D. Hines, who indicated to Griffith that Sollay had been temporarily placed into receivership;[1] he (Hines) had been appointed Receiver; and, that he was in charge of securing management personnel to take over after his discharge as Receiver. Appellant contends that Hines offered him a position with Sollay, and that his promise of employment was understood by him to be "permanent" in nature. After subsequent discussions between Hines and Griffith, Griffith accepted the offer at a salary of $24,000.00 per year plus certain other benefits available to Sollay employees. On February 12, 1975, Hines was discharged as Receiver but continued to work for the company in a managerial capacity. On February 24, 1975 Griffith joined the company. Sollay paid all the expenses of moving Griffith, his wife and two children from Atlanta to Jennings, Louisiana, where the company is located.
*981 In May, 1975, the widow of the former president of Sollay conveyed her interest in the company to her son, daughter, and son-in-law, and resigned as an officer of the corporation. As a result of this action, John Baker took over as the President of Sollay. At approximately this time, Hines severed his connections with the company, although it is not clear from the record whether Hines left before or after the arrival of Baker. In July, 1975, Sollay terminated Griffith's employment stating that although appellant's work had been satisfactory, his services were no longer needed.
In rejecting plaintiffs' demand, the trial court found that plaintiff's employment was for an indefinite term and was therefore terminable at the will of either party. In so concluding the trial court stated:
"Article 2747 of the Revised Civil Code of Louisiana provides:
`Contract of Servant Terminable at Will of Parties. A man is at liberty to dismiss a hired servant attached to his person or family without assigning any reason for so doing. The servant is also free to depart without assigning any cause.'

Louisiana courts have stated that an oral contract of employment for an indefinite term can be terminated at the will of either party. Freeman v. Elbilco, Inc., 338 So.2d 967 (4th Cir. 1976); Garner v. Louisiana State Board of Education, 277 So.2d 492 (1st Cir. 1973); Baker v. Union Tank Car Co., 140 So.2d 397 (1st Cir. 1962); Phillips v. Midcontinental Life Insurance Co., 130 So.2d 791 (2nd Cir. 1961).

Defendant contends correctly that an oral contract of employment for an indefinite term can be terminated at the will of either party. Page v. New Orleans Public Service Co., 184 La. 17, 167 So. 99 (1936); Simmons v. Westinghouse Electric Corporation, 311 So.2d 28 (2d Cir. 1975). In that case the court found that an oral contract was for an indefinite period terminable by either party at pleasure. In this case they cited Pitcher v. United Oil and Gas Syndicate, 174 La. 66, 139 So. 760 (S.C.1932) and quoted as follows:

`The reason for the distinction is obvious. An employee is never presumed to engage his services permanently, thereby cutting himself off from all chances of improving his condition; indeed, in this land of opportunity it would be against public policy and the spirit of our institutions that any man should thus handicap himself; and the law will presume almost juris et de jure that he did not so intend. And if the contract of employment be not binding on the employee for the whole term of such employment, then it cannot be binding upon the employer, there would be lack of "mutuality."'

Any promise or agreement that an employee will have permanent employment requiring good cause for termination must be supported by some special consideration given by the employee over and above the rendering of his services. Simmons v. Westinghouse Electric Corporation, supra. Only when a contract of employment has been entered into for a definite term, is good and just cause required for termination during that term. Ingram v. Kaiser Aluminum & Chemical Corp. (Gramercy Works), 323 So.2d 921 (4th Cir. 1975). Thus it is established in our jurisprudence that a fixed term is the determinant as to whether an employment arrangement is permanent or indefinite. Mr. Griffith in this case, has no claim unless he can show that the employment agreement was for a fixed term.

The plaintiff relies heavily on Lanier v. Alenco, 449 (sic) [459] F.2d 689 (5th Cir. 1972), and the plaintiff has briefed the Lanier case very well, but this court believes there are sufficient differences between the Lanier case and the present one that no definite term of employment can be ascertained here, while in the Lanier case there was sufficient evidence to establish that there was a definite period of one year for the contractual services of that plaintiff. Therefore, in this case the *982 plaintiff Griffith is not entitled to recover."
We agree.
It is clear from appellant's own testimony that when the offer of employment was made to him, no specific period of employment was agreed to. Rather, the position was clearly understood by appellant to be "permanent" in nature. In fact, appellants indicated that if they had understood the position to be anything less than "long-term" or "permanent", they would not have uprooted their family and moved from Atlanta to Jennings. Unlike the instant case, in Lanier, the court found, presumably based upon testimony of Lanier with sufficient corroborating circumstances (LSA-C.C. 2277), that the parties had agreed upon an oral contract of employment for a fixed term of one year.
The general rule supported by the majority of states is that a contract calling for "permanent" employment, for life employment, or for other terms purporting permanent employment, amounts to employment of an indefinite duration, terminable at the will of either party. See 60 A.L.R.3rd 226, § 3.
In Simmons v. Westinghouse Electric Corporation, 311 So.2d 28 (La.App. 2nd Cir. 1975) the Court specifically held that an oral employment contract of "permanent" duration is made for an indefinite period as a matter of law, and can be terminated by either party at their pleasure. Furthermore, in Weaver v. Purple Shield Life Ins. Co., 356 So.2d 519 (La.App. 1st Cir. 1977), it was held that a set rate of pay based on a yearly period does not imply an intent to contract for a specified time. We find that the trial court properly determined that appellants failed to establish that Griffith was hired for a fixed term. Such a conclusion is well supported by plaintiff's own pleadings and testimony. As the agreement was clearly not for a fixed term, but rather for a permanent or indefinite term, and as there was no special consideration given by Griffith beyond the rendering of his services, it was unnecessary for either Griffith or Sollay to give just cause in order to terminate the employment agreement. Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (1958); Simmons v. Westinghouse Electric Corporation, supra.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.
NOTES
[1] Sollay was placed into receivership as a result of a management dispute brought about by the death of the company's President, C. B. Sollay.