430 So.2d 247 (1983)
Richard D. ROUSSEL
v.
JAMES U. BLANCHARD & CO., INC.
No. CA-0404.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
*248 Benj. R. Slater, Jr., Jonathan C. McCall, Appeal Counsel, Terrence K. Knister, Monroe & Lemann, New Orleans, for defendant/appellant.
Mark G. Murov, Clave E. Gill, III, Gill, Fabacher & Murov, New Orleans, for plaintiff/appellee.
Before GULOTTA, BARRY and LOBRANO, JJ.
LOBRANO, Judge.
Appellant, James U. Blanchard, Inc., perfects this appeal from an adverse judgment of the district court wherein plaintiff-appellee, Richard D. Roussel was awarded $15,000.00, plus interest and costs. The amount awarded represented $3,000.00 per month for the five months remaining on his employment contract.
The basic facts are as follows. In November of 1980 Roussel was contacted by a management recruiting firm seeking to fill the sales-manager position for Blanchard. James U. Blanchard, Inc. is a brokerage firm that trades in precious metals and numismatics on behalf of investors. At the time Roussel was contacted he was a successful account executive with the brokerage firm of A.G. Edwards & Sons. He negotiated with Dale Piret, marketing director for Blanchard, and Mr. James U. Blanchard prior to his being offered a job. Although all parties agree that his contract of employment was oral, they also agree that on December 16, 1981 Blanchard confirmed the employment by sending the following letter to Roussel:
"Congratulations and welcome to James U. Blanchard & Company as a member of our sales staff. I know that this will be a rewarding opportunity both financially and personally.
This will confirm that your compensation will be 10% of gross profit. You will also receive $1500, payable each two week period, as a draw against your future sales, for a six month period. In addition to the terms outlined, you will receive a $4000 payment up front. As an independent contractor you will be responsible for the payment of all income taxes, social security and medical benefits.
In hiring you we feel that you are definitely sales management material and you will be evaluated on that basis, if your performance is up to what we expect, within a six to twelve month period. Once again welcome to the Company. Jim and I look forward to working with you in the months and years to come. See you on January 2."
In preparation for his position as a sales manager, Roussel was required to learn the duties of a salesman. His first week of employment was devoted to orientation by a senior sales representative. In the second week he was given the lead cards of a former employee to follow up by telephone. During his third and final week of employment Roussel solicited, by telephone, cold leads received in the mail in response to advertisements.
Roussel's position is simple. He argues that he had a contract of employment as salesman-trainee for a definite period of six months. After the six-month period he would be evaluated for the sales manager position, and his employment contract would be renegotiated. He further argues that he was terminated without cause prior *249 to the expiration of the six month period, and was therefore entitled to the balance of his compensation.
Appellant-Blanchard argues first that the contract was not for a specific duration, and therefore Roussel's employ could be terminated at will in accordance with Civil Code Article 2747. That article provides:
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
In addition, appellant also argues that if the Court determines that there was a fixed duration for employment, Roussel's termination was justified because he had engaged in serious misconduct, citing Civil Code Article 2749. That article provides:
"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."
The trial court concluded that Roussel had been hired for a minimum period of six months at a guaranteed salary of $3,000.00 per month, and that Blanchard had failed to show just cause for his termination. We agree. The trial court's reasons for judgment clearly reflect that it was convinced the intention of the parties was for a minimum employment term of six months. This finding of fact is supported by the record, and we cannot say the trial court was manifestly erroneous.
In determining the term of an employment contract where none is expressed, the understanding of the parties is to be determined from their written or oral negotiations, the usages of business and, in general, the nature of the employment and its surrounding circumstances. See, Binnion v. M & D Drugs, Inc., 8 So.2d 307 (La.App. 2nd Cir.1942). Considering the testimony of Mr. Blanchard, Roussel and Dale Piret, along with the above quoted letter, we are convinced that the parties intended a minimum employment term of six months.
Employment for a fixed term carries with it the right of the employee to receive all wages or salary due under the contract except in those instances in which he is discharged for cause. Griffith v. Sollay Foundation Drill, 373 So.2d 979 (La.App. 3rd Cir.1979). Although Blanchard contends there were serious grounds to justify plaintiff's dismissal, the trial court reasoned:
"The court rejects all of defendant's contentions. They are without merit and are not sufficient to justify the defendant's failure to honor the six months minimum employment committment owed to plaintiff."
A review of each of defendant's complaints, and the supporting evidence convinces us the trial court was correct. Simply put, the defendant failed in his burden of proof. The allegations of misconduct were supported only by hearsay, innuendos and contradictory testimony.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant to pay all costs of this appeal.